# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHOHN L. TOOMBS,

    Plaintiff,

vs.

L J ROSS ASSOCIATES, INC.,
a Michigan corporation,

    Defendant.

Hon. _____

Case No. _____

---

Andrew G. Peterson (P73304)
PETERSON & CALUNAS, PLLC
Attorneys for Plaintiff
363 W. Big Beaver Rd., Ste. 215
Troy, MI 48084
Ph. (248) 457-6000
Fax (248) 928-0439
*drew@petersoncalunas.com*

---

## COMPLAINT AND JURY DEMAND

Plaintiff, SHOHN L. TOOMBS, by and through counsel, and for his Complaint against Defendant, L J ROSS ASSOCIATES, INC., states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action seeking actual, statutory, and punitive damages, and other relief resulting from Defendant's violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Michigan Fair Debt Collection Practices Act.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, SHOHN L. TOOMBS, is an individual residing in Oakland County, Michigan.

3. Defendant, L J ROSS ASSOCIATES, INC., is a Michigan corporation conducting business in Oakland County, Michigan.

4. Personal jurisdiction exists over the Defendant because Defendant is a Michigan corporation and this suit arises out of Defendant's specific conduct which occurred in Michigan.

5. Subject matter jurisdiction exists under federal question jurisdiction (28 USC § 1331) and supplemental jurisdiction (28 USC § 1367).

6. Venue is proper in this Court under 28 USC § 1391(b) because Plaintiff and Defendant reside in this judicial district and Defendant conducts business in this judicial district.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference the preceding paragraphs.

8. In early 2015, Plaintiff discovered two delinquent accounts listed on his credit report that did not belong to him.

9. The delinquent accounts had been inaccurately reported by Defendant to one or more credit reporting agencies.

10. The two incorrect accounts are from University of Michigan Health System, Account No. XXX0207 and Account No. XXX0207, in the respective amounts of $16,125.00 and $668.00 (the "Accounts").

11. Plaintiff is not named on the Accounts, is not a party to the Accounts, and is not liable for the Accounts in any way.

12. On or about February 9, 2015, Plaintiff sent a written notice disputing the Accounts by certified mail to Defendant as well as to all three of the major credit reporting agencies, namely, Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC (the "Credit Reporting Agencies").

13. Shortly thereafter, Plaintiff received responses from the Credit Reporting Agencies stating that they had notified Defendant of the dispute and that Defendant had verified the accuracy of the Accounts.

14. Accordingly, the Accounts remained on Plaintiff's credit report.

15. In early March of 2015, Plaintiff sent follow-up letters to the Credit Reporting Agencies again notifying them that the Accounts were still incorrect following their investigations.

16. On or about April 16, 2015, Plaintiff received written correspondence from Defendant attempting to collect on the Accounts.

17. On or about April 30, 2015, Plaintiff, through counsel, sent a letter to Defendant requesting validation of the Accounts under the Fair Debt Collection Practices Act, Section 809(b).

18. No written response or validation of the Accounts has been received from Defendant by Plaintiff or Plaintiff's counsel.

19. As a direct result of Defendant's actions, Plaintiff has suffered significant actual damages including, without limitation, numerous denials of credit, damage to his credit score, unfavorable credit terms, lost credit opportunities, out-of-pocket expenses, and ongoing emotional distress, mental anguish, embarrassment, annoyance, and frustration.

20. As a result of Defendant's actions, Plaintiff has been denied credit from at least four different lenders each in an amount in excess of $20,000.00.

21. Additionally, due to Defendant's actions, Plaintiff was denied a new credit card and has at least one loan with unfavorable credit terms.

22. Additionally, due to Defendant's actions, Plaintiff has suffered significant emotional distress, mental anguish, embarrassment, annoyance, and frustration in trying to resolve this matter to no avail.

23. Upon information and belief, the Accounts still appear on Plaintiff's credit report as of the date of this complaint.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

24. Plaintiff incorporates by reference the preceding paragraphs.

25. Under the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681, *et seq*, Defendant is a furnisher of information and has a duty to investigate the accuracy of information that has been disputed by a consumer within 30 days.

26. After being notified by the Credit Reporting Agencies that Plaintiff disputed the accuracy of the Accounts, Defendant was required to conduct a reasonable investigation of the accuracy of the Accounts.

27. Under applicable law, a reasonable investigation under the FCRA requires a fairly searching inquiry, or at least something more than a cursory review.

28. Defendant violated the FCRA by negligently failing to conduct a reasonable investigation into the accuracy of the Accounts upon receiving notice of the dispute.

29. Defendant violated the FCRA by negligently failing to review all relevant information available to it and provided by the Credit Reporting Agencies in conducting its investigation.

30. Defendant violated the FCRA by negligently failing to correct or delete the Accounts and report such findings to the Credit Reporting Agencies.

31. For negligent violations, the FCRA allows for the recovery of actual damages together with costs and reasonable attorney's fees.

32. As a direct and proximate result of Defendant's negligent violations of the FCRA, Plaintiff has suffered damages including, without limitation, numerous denials of credit, damage to his credit score, unfavorable credit terms, lost credit

opportunities, out-of-pocket expenses, and ongoing emotional distress, mental anguish, embarrassment, annoyance, and frustration.

WHEREFORE, Plaintiff, by and through counsel, respectfully requests that this Court enter judgment in his favor and against Defendant, in whatever amount Plaintiff is found to be entitled, including, without limitation, any and all applicable actual, consequential, incidental, statutory, punitive, and other damages, together with interest, costs, and attorney's fees, and all other relief as is just and equitable.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

33. Plaintiff incorporates by reference the preceding paragraphs.

34. After being notified by the Credit Reporting Agencies that Plaintiff disputed the accuracy of the Accounts, Defendant violated the FCRA by willfully failing to conduct a reasonable investigation into the accuracy of the Accounts.

35. Defendant violated the FCRA by willfully failing to review all relevant information available to it and provided by the Credit Reporting Agencies in conducting its investigation.

36. Defendant violated the FCRA by willfully failing to correct or delete the Accounts and report such findings to the Credit Reporting Agencies.

37. Under the FCRA, willfulness includes not only knowing violations, but reckless ones as well.

38. Defendant's violations of the FCRA were willful or reckless because there is no reasonable basis on which Defendant could have verified the accuracy of the Accounts upon even a cursory review of the Accounts, let alone a reasonable investigation as required under the FCRA.

39. Defendant knew or should have known when it received notice of Plaintiff's dispute, or upon performing a reasonable investigation of the Accounts, that Plaintiff was not liable for the Accounts.

40. For willful violations, the FCRA allows for the recovery of actual or statutory damages together with costs and reasonable attorney's fees.

41. The FCRA also allows for the recovery of punitive damages for a willful violation.

42. As a direct and proximate result of Defendant's willful violations of the FCRA, Plaintiff has suffered damages including, without limitation, numerous denials of credit, damage to his credit score, unfavorable credit terms, lost credit opportunities, out-of-pocket expenses, and ongoing emotional distress, mental anguish, embarrassment, annoyance, and frustration.

WHEREFORE, Plaintiff, by and through counsel, respectfully requests that this Court enter judgment in his favor and against Defendant, in whatever amount Plaintiff is found to be entitled, including, without limitation, any and all applicable actual, consequential, incidental, statutory, punitive, and other damages, together with interest, costs, and attorney's fees, and all other relief as is just and equitable.

## COUNT III
## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

43. Plaintiff incorporates by reference the preceding paragraphs.

44. Under the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692, *et seq*, Defendant is a debt collector.

45. Defendant violated the FDCPA by engaging in false, deceptive, or misleading representations in connection with the collection of the Accounts, specifically, without limitation, by representing that Plaintiff owed the debt.

46. Defendant violated the FDCPA by communicating to the Credit Reporting Agencies credit information which it knew or should have known was false and failing to communicate that the Accounts were disputed.

47. Defendant violated the FDCPA by failing to provide notice within five days of its initial communication with Plaintiff that unless Plaintiff disputed the validity of the Accounts within 30 days the Accounts would be assumed to be valid.

48. Defendant violated the FDCPA by failing to provide notice to Plaintiff that if Plaintiff disputed the Accounts within 30 days, Defendant would obtain verification of the Accounts and provide such verification to Plaintiff.

49. Defendant violated the FDCPA by failing to validate the Accounts upon receiving notice within the 30 day period that Plaintiff disputed the debts.

50. Defendant's violations of the FDCPA were intentional or negligent, were not the result of a bona fide error, and upon information and belief Defendant does not maintain procedures reasonably adapted to avoid such violations.

51. Any debt collector who fails to comply with the provisions of the FDCPA with respect to any person is liable to such person for actual damages as well as additional statutory damages.

52. The FDCPA also allows for recovery of costs and reasonable attorney's fees in a successful action to enforce liability under the FDCPA.

53. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered damages including, without limitation, numerous denials of credit, damage to his credit score, unfavorable credit terms, lost credit opportunities, out-of-pocket expenses, and ongoing emotional distress, mental anguish, embarrassment, annoyance, and frustration.

WHEREFORE, Plaintiff, by and through counsel, respectfully requests that this Court enter judgment in his favor and against Defendant, in whatever amount Plaintiff is found to be entitled, including, without limitation, any and all applicable actual, consequential, incidental, statutory, punitive, and other damages, together with interest, costs, and attorney's fees, and all other relief as is just and equitable.

## COUNT IV
## VIOLATION OF THE MICHIGAN FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff incorporates by reference the preceding paragraphs.

55. Defendant is a collection agency as defined under the Michigan Fair Debt Collection Practices Act ("MFDCPA"), MCL § 339.901, *et seq.*

56. Defendant violated the MFDCPA by communicating with Plaintiff in a misleading or deceptive manner in connection with the Accounts including, without limitation, representing that Plaintiff owed the debt.

57. Defendant violated the MFDCPA by failing to provide notice within five days of its initial communication with Plaintiff that unless Plaintiff disputed the validity of the Accounts within 30 days the Accounts would be assumed to be valid.

58. Defendant violated the MFDCPA by failing to provide notice to Plaintiff that if Plaintiff disputed the Accounts within 30 days, Defendant would obtain verification of the Accounts and provide such verification to Plaintiff.

59. Defendant violated the MFDCPA by failing to validate the Accounts upon receiving notice within the 30 day period that Plaintiff disputed the debts.

60. Defendant's violations of the MFDCPA were willful or negligent.

61. A person who suffers injury, loss, or damage as a result of a violation of the MFDCPA may bring an action for damages or other equitable relief.

62. The MFDCPA allows a plaintiff to recover actual damages or statutory damages, whichever is greater.

63. The MFDCPA also allows for punitive damages for a willful violation.

64. The MFDCPA also authorizes an award of reasonable attorney's fees and court costs incurred in connection with the action.

65. As a direct and proximate result of Defendant's violations of the MFDCPA, Plaintiff has suffered damages including, without limitation, out-of-pocket expenses and ongoing emotional distress, mental anguish, embarrassment, annoyance, and frustration.

WHEREFORE, Plaintiff, by and through counsel, respectfully requests that this Court enter judgment in his favor and against Defendant, in whatever amount Plaintiff is found to be entitled, including, without limitation, any and all applicable actual, consequential, incidental, statutory, punitive, and other damages, together with interest, costs, and attorney's fees, and all other relief as is just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims and issues herein.

                                        Respectfully submitted,

                                        PETERSON & CALUNAS, PLLC

DATE: December 18, 2015        /s/ Andrew G. Peterson
                                                          By: Andrew G. Peterson (P73304)
                                                          Attorney for Plaintiff
                                                           363 W. Big Beaver Rd., Ste. 215
                                                           Troy, MI 48084
                                                           Ph. (248) 457-6003
                                                           Fax (248) 928-0439
                                                           *drew@petersoncalunas.com*